**Clayton M. SCHILL and Jeanne M. Schill, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 5373.**

United States District Court
W. D. Washington, N. D.

July 2, 1962.

Merges, Brain & Hilyer, G. Robert Brain, Seattle, Wash., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Jerome Fink, Bruce Koppe, Department of Justice, Washington, D. C., Brockman Adams, U. S. Atty., Payton Smith, Asst. U. S. Atty., Seattle, Wash., for defendant.

BEEKS, District Judge.

The plaintiff taxpayers in this case seek refund on income taxes in the amount of $7,309.42 paid in the years 1957, 1958 and 1959. The claims for refund are based on the taxpayers' contention that part of the purchase price paid for an osteopathic practice should be considered as "trade or business expenses" under Section 162 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162.

The total purchase price of the practice was $31,846.00, $9,325.50 of which represented the consideration paid for physical assets. The balance, as specifically delineated in the contract, represented "good will" and "patients lists."

That part of the monthly payments made on the contract during the years in question which is attributable to good will and patients lists is claimed by the taxpayers to be a business expense.

The pertinent Code provisions read as follows:

"§ 162.  Trade or business expenses.

"(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\*    \*    \*    \*    \*    \*

"(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

■■ The Court's view is that the taxpayers made a purchase of a business, that is a purchase of capital assets, and that such can in no manner whatsover be termed a business expense. The purchase of good will and patient lists is no different than the purchase of any other asset which is to be employed by a taxpayer to create income. It is noteworthy that the parties termed the transaction a purchase and such specific delineation is now binding on the taxpayers. Rogers v. United States (9th Cir.), 290 F.2d 501.  Such being the case, the taxpayers became the owners of an asset and were not merely paying for "continued use or possession" thereof.  Thus there is nothing in the transaction which could be termed rental of an asset which expense is allowable as a deduction under Section 162(a) (3).

It appearing to the Court that the transaction was clearly a purchase of assets, judgment in this matter will be for the defendant.  An order will be submitted dismissing this action in accordance herewith.